UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD D. DOTY, EXECUTOR OF THE ESTATE OF DAVID C. PHILLIP,<br><br>          Plaintiff,<br><br>     v.<br><br>BAYVIEW FINANCIAL L.P. & BAYVIEW LOAN SERVICING, LLC,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-4090 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.
LAW OFFICE OF LEWIS ADLER
26 Newton Avenue
Woodbury, NJ 08096
          Counsel for Plaintiff

Diane A. Bettino, Esq.
REED SMITTH, LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
          Counsel for Defendants

Mark S. Melodia, Esq.
REED SMITH, LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
          Counsel for Defendants

**IRENAS**, Senior District Judge:

1

Before this Court is Defendants' Motion for Judgment on the Pleadings.  The merits of this case, however, need not be reached because the Court lacks subject matter jurisdiction over the claims asserted.

**I.**

In this case, the Court is presented with multiple claims arising from Defendants, Bayview Loan Servicing, LLC and Bayview Financial L.P. ("Bayview"), actions with regards to the property of the deceased, David C. Phillip.[1]  The Plaintiff, Doty, was appointed executor of Phillip's estate in February, 2006.  Doty accuses Bayview of engaging "in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law."[2]  Compl. ¶ 18.

The Complaint alleges the following facts: The mortgage and

---

[1] It is unclear from the complaint what exactly was the nature of the relationship between the decedent and the plaintiff.

[2] This complaint is substantially similar to three other complaints recently before this Court, all brought by the same attorney: *Rivera v. Washington Mutual, et al.*, 637 F. Supp. 2d 256, (D.N.J. July 10, 2009), *Martino v. Everhome Mortgage, et al.*, 639 F. Supp. 2d 484(D.N.J. July 31, 2009), *Skypala v. Mortgage Electronic Registration Systems*, No. 08-5867, 2009 WL 2762247 (D.N.J. Sept. 1, 2009) and *Perkins v. Washington Mut., FSB,* No. 09-024, 2009 WL 2835781 (D.N.J. Sept. 4, 2009).  In *Rivera*, the Court stated the obvious fact that "Plaintiffs' counsel has drafter one generic complaint for at least ten other cases-all filed in this district by the same attorneys, all proposing the same class."

note, dated March 31, 1994, were assigned to Bayview Financial LP on September 20, 2004 and serviced by Bayview Loan Servicing. Bayview began foreclosure proceedings against the plaintiff when it sent the notice of intent to foreclosure on August 20, 2007. On November 2, 2007, Doty paid off the mortgage in the amount of $58,338.14.  As a result, no foreclosure proceeding was ever filed.  Compl. ¶ 39.  This was the amount specified by the payoff statement, which included the principle, interest and various fees.  Compl. ¶ 37.  Doty now alleges that Bayview's payoff statement included excess and/or unincurred charges.  Doty brings 11 different claims, mostly state-law, ranging from breach of contract to violations of the New Jersey Consumer Fraud Act and the New Jersey Fair Foreclosure Act.[3]  Doty brings this suit under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b)("CAFA") and intends to pursue this matter as a class action.

## II.

Jurisdiction to hear this dispute is premised upon the Class Action Fairness Act.  The Court has an obligation to raise, *sua*

---

[3] Doty does not assert a claim arising under the Federal Trade Commission Act, 15 U.S.C. § 45(a).  However, even if he did, the Federal Trade Commission Act does not provide a private right of action and cannot be used to invoke federal jurisdiction.  *See Holloway v. Bristol-Meyers Corp.*, 485 F.2d 986 (D.C.Cir. 1973) (private parties have no right of action to enforce provisions of FTC Act, which vests enforcement authority in administrative agency).

*sponte*, the issue of its subject matter jurisdiction.  *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 216 (3d Cir. 1999).  Fed. R. Civ. P. 12(h)(3) provides, "whenever it appears by suggestion of the parties or *otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

To bring a minimum diversity action under the CAFA the amount in controversy must be, as alleged in the complaint in good faith, in excess of $5,000,000.  The Plaintiff claims that because the defendant has averaged 500 to 1000 foreclosures per year since 2002, the proposed class size is anticipated to be in excess of 3000 members.  Compl. ¶ 15.  In other words, the proposed class will be made up of those customers whose properties were foreclosed upon.  However, based upon the facts pled in the complaint, Doty was never actually foreclosed upon.  The Plaintiff's evidence that the proposed class will meet the jurisdictional requirements of 28 U.S.C. § 1332(d)(2) does not apply to him.

Under 28 U.S.C. § 1332(d)(11)(B)(I), to meet the requirements of the CAFA, a plaintiff's claims must involve common questions of law or fact.  Doty's claim does not involve the same common question of law or fact as those of the class he intends to form, because his foreclosure proceeding was never commenced.  As such, his complaint does not meet the requirements

of the CAFA and this Court lacks jurisdiction to decide this case upon the merits.

| | |
|---|---|
| December 4, 2009 | s/ Joseph E. Irenas<br>**JOSEPH E. IRENAS, S.U.S.D.J.** |